UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

SPECIALTY SURPLUS INSURANCE COMPANY,

    Plaintiff,

v.

SECOND CHANCE, INC., et al., and BRENDA CROCKETT, et al.,

    Defendants.

CASE NO. C03-0927C

MINUTE ORDER

The following Minute Order is made by direction of the Court, the Honorable John C. Coughenour, United States District Judge:

This matter has come before the Court on Plaintiff's motion to compel more definite responses to its first set of discovery requests. (Dkt. No. 132.) The motion is DENIED.

Plaintiff's motion involves four interrogatories, all of which ask the Crockett Counterclaimants to "'identify' all acts" by Specialty Surplus that are contended to be violations of an insurer's duty of good faith to an insured, breaches of the Washington Consumer Protection Act, violations of the Unfair Claims and Settlement Practices Act, and examples of an insurer acting in its own interests and against the interests of the insured. (Mot. 3.) The Crockett Counterclaimants' amended response to the

MINUTE ORDER – 1

interrogatories included the following list: (1) improperly utilizing information collecting in the commingled claim files against Mr. Moeller's best interests; (2) surprising Mr. Moeller with the scope of employment coverage defense though it was never asserted in the reservation of rights letter; (3) hiring a psychiatrist to testify against Mr. Moeller about the scope of employment issue; (4) subjecting Mr. Moeller to a humiliating psychiatric examination; (5) refusing to engage in meaningful negotiations with the Crockett Counterclaimants during the weeks immediately before trial; (6) continuing to commingle information as between Mr. Moeller and Second Chance's defenses even after the claim files were split based upon the well know conflict of interest; (7) underrepresenting the amount of available insurance coverage in the reservation of rights letter; (8) retroactively firing Mr. Moeller's lawyer for acting in his best interests versus those of Specialty Surplus; (9) never putting Mr. Moeller on notice of the inherent conflict of interest with Second Chance; and (10) failing to disclose settlement offers to Mr. Moeller. (Love Decl. Ex. 2, Resp. to Interrog. 1.)  The Crockett Counterclaimants argue that their responses to each of the four interrogatories are identical because "according to the controlling law, a breach of the duty of good faith constitutes a Consumer Protection Act violation, which includes violations of WAC 284-30 *et seq*. and is equivalent to acting in the best interests of Specialty Surplus rather than John Moeller." (Opp'n 6–7.)

These responses, although evidently unsatisfactory to Plaintiff, nevertheless, constitute "a list of specific acts by Specialty Surplus . . . support[ing] their contentions as the claim addressed" in each interrogatory, exactly as insisted upon by Plaintiff in its motion. (Reply 2–3.) Because the Crockett Counterclaimants take the position that the four claims addressed by each interrogatory are virtually identical, the Court cannot compel them to supply different responses.

To the extent that Plaintiff was confused as to whether the long recitation of facts also supplied by the Crockett Counterclaimants in their amended responses included other items intended to be argued as constituting "acts" violating any of the duties or statutes providing a cause of action, that confusion should be allayed by the Counterclaimants' response to the motion. (Opp'n 3–4, explaining that the

MINUTE ORDER – 2

enumerated list (reproduced by the Court *supra*) is the responsive element.)

To the extent that Plaintiff moves to compel Counterclaimants to "provide all facts available to them," Plaintiff's actual discovery requests encompass no such request. The interrogatories merely ask Counterclaimants to "'identify' all acts." The accompanying requests for production ask Counterclaimants to "produce all documents that support your answer to the preceding Interrogatory." As it appears to be Counterclaimants' position that all the documents supporting their claims regarding the "acts" identified in their responses to the interrogatories have been produced at one time or another in the context of motions to this Court, the Court cannot compel Counterclaimants to produce other documents that have not been shown to exist.

To the extent that Plaintiff's motion contemplates an order from the Court compelling Counterclaimants to obtain information from Mr. Moeller and to pass along that information as part of discovery, that motion was not squarely presented to the Court and is not suitable for disposition at this time.

In sum, Plaintiff's motion to compel is DENIED. The Crockett Counterclaimants' motion for a protective order is stricken as moot. Plaintiff is directed to show cause why the Court should not order sanctions against it in the amount of the reasonable fees incurred by Counterclaimants in opposing the motion, pursuant to Fed. R. Civ. P. 37(a)(4)(B). Plaintiff's response is due February 1, 2006.

DATED this <u>27th</u> day of January, 2006.

           BRUCE RIFKIN, Clerk of Court


           By <u>/s/ C. Ledesma</u>
             Deputy Clerk

MINUTE ORDER – 3