The Honorable John C. Coughenour

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

SPECIALTY SURPLUS INSURANCE COMPANY, an Arizona corporation,

    Plaintiff,

    v.

SECOND CHANCE, INC., et al., and BRENDA CROCKETT, et al.,

    Defendants.

CASE NO. C03-0927C

ORDER

This matter has come before the Court on Plaintiff's motion to compel production of subpoenaed non-privileged correspondence for the deposition of Scott Clement (Dkt. No. 195). Having carefully considered the papers filed by the parties in support of and in opposition to the motion, the Court hereby GRANTS the motion.

Plaintiff seeks to compel Mr. Clement, John Moeller's former counsel, to produce from his *Crockett v. Second Chance* file: (1) all correspondence copied to Specialty Surplus Insurance Company; (2) all correspondence with Crockett's counsel's office; (3) all correspondence from Second Chance or its counsel; and (4) all correspondence to and from Specialty Surplus or its counsel. The request is for non-

ORDER - 1

1  privileged documents only.

2  Mr. Clement opposes the motion and the requested production on the grounds that (1) any and all
3  non-privileged information has already been made available to Plaintiff; (2) the production would require
4  Mr. Clement to comb through 50-60 bankers' boxes of documents resulting in a cost to him of about
5  $3,000; and (3) the motion is no more than a motion for reconsideration of a previous Court order
6  regarding the production by Gardner Bond of privileged material. The Crockett Counterclaimants add to
7  these arguments the following: (1) the requested documents are not material to the issue of whether
8  Plaintiff committed bad faith; (2) the burden of production outweighs the probative value; (3) a proper
9  privilege log would be too laborious to compile; (4) Plaintiff could simply ask Mr. Clement questions
10 about the target material at his deposition; (5) the motion is not timely; and (6) Mr. Clement should not, in
11 any case, be required to submit to a second deposition.

12 As a preliminary matter, the Court finds that the motion was timely filed.

13 Since filing the motion, Plaintiff has had the opportunity to depose Mr. Clement. This deposition
14 took place from 10:00 a.m. to 2:30 p.m. on one day. Thus, it appears that Plaintiff has not yet used all of
15 the seven hours it is permitted. Accordingly, should Plaintiff wish to use its remaining time, it may do so.

16 At his deposition, Mr. Clement provided less than fully committed answers to questions regarding
17 when and if he received certain documents, or when he became aware of issues discussed in letters. (*See,*
18 *e.g.*, Clement Dep. 42:7–11 (stating "The exact date, I don't recall. I have no reason to believe that this
19 letter isn't accurate, that it wasn't sent to me. It doesn't have a receipt stamp on it from my firm, but I
20 have no reason to believe it wasn't during that time period."); 48:4–7 (stating "Well, again, I'm not certain
21 that that's the exact letter that we learned of."); 49:25–50:1 (stating "This particular letter? I don't know.
22 I doubt it, because we didn't represent Second Chance.").) Thus, although it appears that Plaintiff already
23 has copies of many of the documents it seeks (indeed, copies were shown to Mr. Clement at his

24

ORDER - 2

1  deposition), it needs the copies from Mr. Clement's files if it is to be able to verify properly his actual

2  receipt of the documents in question and the date of such receipt.  This information is important because of

3  the nature of the Crockett Counterclaimants' claims, many of which depend on a certain sequence of

4  events.

5  In a previous order denying Plaintiff's motion to compel production of a larger set of documents,

6  the Court found that many of the requested documents were privileged and that Plaintiff had not shown

7  why it needed access to the requested documents when the information it was seeking pertained to its own

8  conduct.  Here, the set of documents requested, by definition, includes only non-privileged documents.

9  Moreover, Plaintiff has consented, in its reply, that Mr. Clement need only peruse the contents of the three

10  bankers' boxes that he has already disclosed contain his correspondence files.  Finally, Plaintiff has shown

11  in this motion what it was unable to show before — that it needs *Mr. Clement's* copies of the documents in

12  order to establish when he received notice of certain events and communications.

13  For these reasons, the Court finds that (1) no privilege log will be necessary, since the request for

14  production asks only for specific categories of non-privileged documents (and Plaintiff states in its reply

15  that it does not want a privilege log; (2) the Court's previous order denying Plaintiff's motion regarding

16  the Gardner Bond files has no impact on the subject matter of this motion; (3) the request is not overly

17  burdensome because it will require a cursory examination of only three bankers' boxes worth of

18  correspondence for responsive documents; (4) the request is not duplicative of questions asked by Plaintiff

19  of Mr. Clement at his deposition; and (5) the evidence sought is material.

20  The Crockett Counterclaimants asked that they, as co-interested parties with Mr. Moeller, be

21  permitted to review the documents prior to their production to Plaintiff.  The Crockett Counterclaimants

22  argue that they should have some input as to the discoverability and privileges related to the documents.

23  However, the documents requested are, by definition, non-privileged.  Moreover, the specific categories of

24

ORDER - 3

1  documents requested are all correspondence sent or copied to third parties, and therefore non-privileged.

2  As for discoverability, the Court is satisfied that the documents requested are discoverable. Accordingly,

3  the Crockett Counterclaimants' request is denied.

4      Mr. Clement asks that he be compensated for the time it takes for him to review his

5  correspondence files and produce the responsive documents. In principle, Plaintiff agrees that Mr.

6  Clement should be compensated, but argues that the cost of this discovery should be no more than $400.

7  Since Mr. Clement's opposition assumed that he would be required to examine 50-60 boxes of material,

8  rather than 3 boxes, the Court finds that there is insufficient substantiation for Mr. Clement's estimated

9  cost of $3,000. Once Mr. Clement has produced the responsive documents, he may move the Court for an

10  order directing Plaintiff to reimburse him for his reasonable costs.

                                                 */s/ John C. Coughenour*
                                                 UNITED STATES DISTRICT JUDGE

ORDER - 4